UNITED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CINCINNATI INSURANCE
COMPANY,

CASE NO.:

    Plaintiff,

v.

BLUEWATER BUILDING &
CONSTRUCTION COMPANY and
JAMES A. ARMOUR, as trustee
of THE BAYSHORE ROAD TRUST
U/A/D OCTOBER 1, 2008,
    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff The Cincinnati Insurance Company, by counsel, sues Bluewater Building & Construction Company, and James A. Armour, as trustee of The Bayshore Road Trust U/A/D October 1, 2008, and alleges:

### JURISDICTION AND VENUE

1.    This is an action for declaratory judgment and for such further relief as may be necessary or proper, pursuant to 28 U.S.C. §2201(a), to declare the rights, status and legal relations of Plaintiff and Defendants under insurance policy contracts.

2.    Plaintiff The Cincinnati Insurance Company ("Cincinnati") is a corporation organized and existing under the laws of Ohio, with its principal place of business in Cincinnati, Ohio.

3.    At all material times, Cincinnati was engaged in the business of issuing insurance policies to indemnify against various, specified risks, and authorized by the Florida Department of Financial Services to conduct business in Florida.

4. At all material times, Bluewater Building & Construction Company, Inc. ("Bluewater") was a corporation organized and existing under the laws of Florida, authorized to conduct business in Florida, and having its principal place of business in Sarasota, Florida.

5. Defendant James A. Armour as trustee of The Bayshore Road Trust U/A/D October 1, 2008 ("Armour") is a resident of the State of Florida residing in Sarasota County.

6. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, attorney's fees, and costs, and this Court has diversity jurisdiction of this cause under 28 U.S.C. §1332.

7. Venue in the Middle District of Florida is proper, pursuant to 28 U.S.C. §1391(a), because at least one of the Defendants resides within the district and because the events giving rise to the claim occurred within the Tampa Division of the district, pursuant to M.D. Rule 1.02(b)(4) and (c).

## GENERAL ALLEGATIONS

8. In 2010, Armour filed a civil lawsuit against Bluewater, among others, in the Circuit Court of Sarasota County, Florida, Case No. 2010-CA-000046 NC (the "Underlying Action"). A copy of the Third Amended Complaint filed in the Underlying Action, is attached as Exhibit "A".

9. The Underlying Action involves construction of a residence located at 4449 Bay Shore Road in Sarasota, Florida ("the Residence").

10. The Residence was originally owned by Howard A. Jacob ("Jacob").

11. In 2006, Jacob contracted with Voight Building and Design, Inc., ("VBD")

2

to build the Residence.

12. VBD, in turn, entered into various subcontract agreements for the construction of the Residence, including contracting with Bluewater.

13. Subsequently, in the September 2008, Armour entered into a contract to purchase the property from Jacobs. At the time that Armour acquired the property, the Residence was still under construction.

14. Effective November 1, 2005, Cincinnati issued a commercial general liability insurance policy to Bluewater (the "Policy"). A certified copy of the Policy is attached as Exhibit "B".

15. The Policy was cancelled effective January 28, 2008.

16. Cincinnati defended (and continues to defend) Bluewater in the Underlying Action under reservation of right and subject to various coverage defenses raised and implicated by the claims asserted by Armour.

12. Armour's claims against Bluewater in the Third Amended Complaint are for building code violations, breach of contract, breach of express warranty, and contractual indemnification.

13. Armour alleges that the Residence had design and construction defects that caused "massive and repeated water intrusion into the Residence," resulting in damages to other property as well as other expenses associated with remediation of alleged construction deficiencies, loss of use and stigma damages.

14. The underlying case is set for trial in 2017.

15. The Third Amended Complaint is silent as to when the alleged defects occurred, or when any damage attributable to the alleged defects or deficiencies

3

occurred.

## THE POLICY

18. The Policy issued to Bluewater and in effect from November 1, 2005 to January 28, 2008 included the following provisions:

SECTION I – COVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

      (2) The "bodily injury" or "property damage" occurs during the policy period.

2. **Exclusions**

   This insurance does not apply to:

   j. **Damage to Property**

      "Property Damage" to:

      (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

      (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

4

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

k. **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l. **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

SECTION V – DEFINITIONS

19. "Products-completed operations hazard"

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

         (a) When all of the work called for in your contract has been completed; or

      (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

20. "Property damage means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

25. "Your product":

    a.    Means:

        (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a)    You;

            (b)    Others trading under your name; or

            (c)    A person or organization whose business or assets you have acquired; and

        (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b.    Includes:

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2)    The providing of or failure to provide warnings or instructions.

26. "Your work":

a. Means:

    (1) Work or operations performed by you or on your behalf; and

    (2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    (2) The providing of or failure to provide warnings or instructions.

## CLAIM FOR DECLARATORY RELIEF

19. The allegations in paragraphs 18, above, are realleged as if fully set forth herein.

21. The existence, extent, and availability of coverage under the policy for the claims and damages alleged by Armour are governed in part by principles of Florida law regarding "property damage" caused by an "occurrence," as articulated, interpreted, and applied by federal and state courts in Florida.

22. The Policy issued by Cincinnati to Bluewater was cancelled effective January 28, 2008 while construction was ongoing on the Residence. As a result, Cincinnati is in doubt about its rights under the policies, and therefore seeks a declaration of coverage with respect to Armour's claims in the underlying action.

23. In particular, because the Policy was cancelled while construction was still ongoing, Cincinnati is unable, without a determination by the Court, to determine whether any coverage is available for Armour's claims and whether Cincinnati's policy to Bluewater was still effective when Bluewater's work on the Residence was completed or when Bluewater's work had been put to its intended use by any person or organization other than another contractor or subcontractor working on the same

project.

24. Cincinnati is also in doubt about its rights under the policies regarding the manifestation of defects or damages, specifically when any such defects or damages manifested, for purposes of establishing a trigger of coverage.

25. There exists a bona fide actual, present and practical need for the declaration of the existence and extent of coverage under the policies and the rights and obligations of the parties.

26. There exists also a present ascertained or ascertainable state of facts, or controversy as to a state of facts, concerning the rights and obligations of Cincinnati and Defendants under the policies.

27. The rights and obligations of Cincinnati under the policies are dependent upon the facts, and law applicable to those facts, affecting coverage, if any, for the claims and damages asserted by Armour in the underlying action.

28. All proper and present interests are before the Court, and all conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

WHEREFORE, Plaintiff The Cincinnati Insurance Company respectfully requests this Court to enter a judgment declaring that:

i. Cincinnati has no duty to indemnify Defendant Bluewater for one or more types, elements or categories of claims or damages asserted by the Armour in the underlying action;

ii. Cincinnati has no duty to indemnify Defendant Bluewater in connection with any verdict or judgment for damages, or categories or elements of damages, that the Court determines are outside the scope of coverage under the policies, and

iii. Cincinnati further requests judgment for its costs and disbursements

incurred herein and for such other and further relief as may be warranted.

Respectfully submitted,

*/s/ Laura dePaz Cabrera*

Laura dePaz Cabrera, Trial Counsel
Florida Bar No. 062783
David A. Glenny
Florida Bar No. 371807
BICE COLE LAW FIRM, P.L.
P.O. Box 1860
Alachua, Florida 32616
(386) 462-9919
(386) 418-8288-fax
cabrera@bicecolelaw.com
glenny@bicecolelaw.com
highley@bicecolelaw.com
THE CINCINNATI INSURANCE COMPANY