UNITED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CINCINNATI INSURANCE
COMPANY,

      CASE NO.: 8:17-cv-00143

    Plaintiff,

v.

BLUEWATER BUILDING &
CONSTRUCTION COMPANY and
JAMES A. ARMOUR, as trustee
of THE BAYSHORE ROAD TRUST
U/A/D OCTOBER 1, 2008,

    Defendants.
_____/

**ARMOUR'S ANSWER & AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT & COUNTERCLAIM WITH DEMAND FOR JURY TRIAL**

**ARMOUR'S ANSWER TO AMENDED COMPLAINT**

**COMES NOW** Defendant James A. Armour, as trustee of The Bay Shore Road Trust U/A/D October 1, 2008 ("Armour"), by and through his undersigned counsel, and responds to The Cincinnati Insurance Company's Amended Complaint as follows:

Jurisdiction and Venue

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Admitted for jurisdictional purposes only.

6. Admitted for jurisdictional purposes only.

7. Admitted for jurisdictional purposes only.

<u>General Allegations</u>

8. Admitted.

9. Admitted.

10. Admitted.

11. Upon information and belief, admitted.

12. Upon information and belief, admitted.

13. Denied as to the phrase "under construction" but admitted only that in September of 2008, Armour entered into a contract to purchase the property from Jacobs, and that a Certificate of Occupancy was issued on or about September 22, 2008, but denied as to the remainder.

14. Without knowledge, therefore denied; admitted only that the Policy speaks for itself.

15. Without knowledge, therefore denied.

16. Admitted that upon information and belief Cincinnati defended (and continues to defend) Bluewater in the Underlying Action, including the appeal of the Underlying Action; but without knowledge as to the remainder, therefore denied.

17. Admitted.

18. Admitted that in his Third Amended Complaint in the Underlying Action Armour alleged, *inter alia*, that the Residence had design and construction defects that caused "massive and repeated water intrusion into the Residence," resulting in damages to other property as well as other expenses associated with remediation of alleged construction deficiencies, loss of use and stigma damages.

19. Admitted that in his Third Amended Complaint in the Underlying Action, Armour did not specifically plead exact dates of when "property damage" began, started, happened, actually occurred, ceased, and/or stopped but denied that omission of any such dates precludes the insurer's duty to defend and/or indemnify Bluewater, and admitted that many of the exhibits attached to the various iterations of the Complaints filed in the Underlying Action include references to dates with regard to, *inter alia*, the occurrence of "property damage", the dates of performance of work/operations, and the dates of the end of performance of work/completed operations.

20. Admitted.

21. Admitted.

22. Admitted.

## The Policy

23. Admitted only that the Policy speaks for itself, and denies that any portions of the Policy quoted in the Amended Complaint apply to the facts of this case.

## Claim For Declaratory Relief

24. Armour repeats and reasserts its Answers to paragraphs 1-23 above.

25. Admitted that interpretation of the Policy is governed by Florida law, but denied as to the remainder.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied, and specifically denied that the applicable 'trigger of coverage' is manifestation.

29. Admitted.

30. Admitted.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

## ARMOUR'S AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

**COMES NOW** Defendant James A. Armour, as trustee of The Bay Shore Road Trust U/A/D October 1, 2008 ("Armour"), by and through his undersigned counsel, and asserts affirmative defenses to The Cincinnati Insurance Company's Complaint as follows:

1. Armour affirmatively alleges that Bluewater complied with all conditions precedent and to the extent that Bluewater failed to comply with any such conditions, the failure to comply did not prejudice and/or is immaterial as an immaterial breach of the Policy.

2. Armour affirmatively alleges that Armour has complied with all conditions precedent, specifically having obtained a Final Judgment against Bluewater in the Underlying Action, and to the extent that Armour failed to comply with any such conditions, the failure to comply did not prejudice and/or is immaterial as an immaterial breach of the Policy.

3. Armour affirmatively alleges that Cincinnati failed to comply with Florida's Claims Administration Statute, and as such, Cincinnati has waived any conditional defenses by virtue of its failure to timely and properly assert coverage defenses pursuant to Florida Statute §627.426.

4. Armour affirmatively alleges that Cincinnati does not have any subrogation, contribution, and/or other recoupment rights.

5. Armour affirmatively alleges that any performance or obligation of Bluewater and/or Armour are/is excused because of Cincinnati's prior breach of the Policy.

6. Armour affirmatively alleges that Cincinnati failed to provide proper and/or timely notice(s) of cancellation of the Policy to Bluewater and/or all other persons/entities required to receive notice of said cancellation, in contravention to all applicable Florida Statutes and/or the Policy.

7. Armour affirmatively alleges that Cincinnati has the duty to defend Bluewater (in the case pending and filed Circuit Court in and for Sarasota County, Florida under case number 2010-CA-00046), pursuant to the allegations pled in the Original Complaint, First Amended Complaint, Addendum to the First Amended Complaint, Second Amended Complaint, and/or Third Amended Complaint, filed therein.

8. Armour affirmatively alleges that Cincinnati had the duty to indemnify (as to the case pending and filed Circuit Court in and for Sarasota County, Florida under case number 2010-CA-00046) pursuant to the allegations pled in the Original Complaint, First Amended Complaint, Addendum to the First Amended Complaint, Second Amended Complaint, and/or Third Amended Complaint filed therein, as well as pursuant to the Final Judgment entered on May 24, 2017, in favor of Armour and against Bluewater for $150,000.00 exclusive of prejudgment interest, taxable costs and attorneys' fees and costs.

9. Armour affirmatively alleges that Cincinnati owes Armour (pursuant to the Final Judgment entered on May 24, 2017 in favor of Armour and against Bluewater)

$150,000.00 plus prejudgment interest, taxable costs, attorneys' fees and costs, and post judgment interest.

10. Armour affirmatively alleges that since Armour has obtained Final Judgment against Bluewater, Armour is an omnibus insured. *See State Farm Fire & Cas. Co. v. Kambara*, 667 So. 2d 831, 834 (Fla. 4th DCA 1996); *Resmondo v. New Hampshire Ins. Co.*, 2013 WL 6894857, at *2 (M.D. Fla. Dec. 31, 2013); *Century Sur. Co. v. Korkoske*, 2014 WL 8844500, at *2 (M.D. Fla. July 14, 2014).

11. Armour affirmatively alleges that as an omnibus insured, Armour is entitled to his attorneys' fees and legal assistant fees pursuant to Fla. Stat. §627.428, and §57.104, and costs pursuant to Fla. Stat. §57.041.

12. Armour affirmatively alleges that to the extent that any other subcontractors are found to be a substantial contributing factor to aspects of damages at the subject Property, those subcontractors are jointly and severally liable for the amount of damages being claimed.

13. Armour affirmatively alleges that Cincinnati has failed to mitigate its damages.

14. Armour affirmatively alleges that Exclusions J5, J6, K, L, and M do not apply to the facts of the Underlying Action.

15. Armour affirmatively alleges that, as of January 28, 2008, some or all of Bluewater's scope of work/operations at the Residence was completed and/or within the products completed operations hazard period.

16. Armour affirmatively alleges that the trigger of coverage applicable to the Policy is the "injury-in-fact" trigger which means that the policy is "triggered" when "property damage" occurs/happens.

17. Armour affirmatively alleges that some or all of 'property damage' that resulted from Bluewater's scope of work/operations at the Residence occurred during the policy period.

## ARMOUR'S COUNTERCLAIM AGAINST CINCINNATI

**COMES NOW** Counterclaim Plaintiff, James A. Armour, as trustee of The Bay Shore Road Trust U/A/D October 1, 2008 ("Armour"), by and through his undersigned counsel, and brings this Counterclaim against The Cincinnati Insurance Company ("Cincinnati") and alleges as follows:

### Jurisdiction and Venue

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201(a).

2. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, attorney's fees, and costs, and this Court has diversity jurisdiction of this cause under 28 U.S.C. §1332.

3. Upon information and belief, Cincinnati is a corporation organized and existing under the laws of Ohio, with its principal place of business in Cincinnati, Ohio. Cincinnati maintained offices and agents for the regular transaction of its business in Sarasota County, Florida and has an interest or claims affected by this declaration.

4. Upon information and belief, at all material times, Bluewater Building & Construction Company, Inc. ("Bluewater") was a corporation organized and existing under the laws of Florida, authorized to conduct business in Florida, and having its principal

place of business in Sarasota, Florida.

5. Upon information and belief, at all material times, Cincinnati insured Bluewater under a commercial general liability policy(ies).

6. James A. Armour as trustee of The Bayshore Road Trust U/A/D October 1, 2008 ("Armour") is a resident of the state of Florida residing in Sarasota County.

<u>General Allegations</u>

7. In 2010, Armour filed his initial lawsuit against Bluewater, among others, in the Circuit Court of Sarasota County, Florida, Case No. 2010-CA-000046 NC (the "Underlying Action"). A copy of the Original Complaint, Amended Complaint, Addendum to the Amended Complaint, Second Amended Complaint, and Third Amended Complaint, as filed in the Underlying Action, are attached as Exhibit "A", "B", "C", "D" and "E", respectively (but without exhibits thereto), and all the Complaints are collectively referred to as the "Underlying Action Complaints".

8. The Underlying Action involves construction of a residence located at 4449 Bay Shore Road in Sarasota, Florida ("the Residence").

9. The Residence was originally owned by Howard A. Jacobs ("Jacobs").

10. In 2006, Jacobs contracted with Voight Building and Design, Inc. ("VBD") to build the Residence.

11. VBD, in turn, entered into various subcontract agreements for the construction of the Residence, including contracting with Bluewater.

12. Subsequently, in the September 19, 2008, Armour entered into a contract to purchase the property from Jacobs.

13. A Certificate of Occupancy was issued on September 22, 2008.

14. Upon information and belief, Cincinnati defended (and continues to defend) Bluewater in the Underlying Action (and in the appeal of the Underlying Action) under reservation of right and subject to various coverage defenses raised and implicated by the claims asserted by Armour.

15. Cincinnati did not initiate this separate action for declaratory relief against Bluewater and Armour until January 20, 2017.

16. Armour's claims against Bluewater in the various iterations of its Underlying Action Complaints are for building code violations, breach of contract, breach of express warranty, and contractual indemnification.

17. Armour alleges, *inter alia*, that the Residence had design and construction defects that caused "massive and repeated water intrusion into the Residence," resulting in damages to other property as well as other expenses associated with remediation of alleged construction deficiencies, loss of use and stigma damages.

18. Prior to the start of the jury trial in the Underlying Action, the trial court bifurcated Armour's count for Contractual Indemnity against Bluewater (Count XIV), and on May 31, 2017, Armour filed its Notice of Trial on Bifurcated Contractual Indemnity Claims, though there is no trial date currently set.

19. The Underlying Action proceeded to jury trial, and on April 21, 2017, the jury awarded Armour $5,000,000.00 as "the total amount of damages suffered by [Armour] that is attributable to [Bluewater]," and of that amount, assessed 3% fault onto Bluewater. A copy of the Jury Verdict form is attached hereto as Exhibit "F".

20. On May 24, 2017, Final Judgment[1] was entered against Bluewater in the amount of $150,000.00, excluding prejudgment interest, taxable costs, attorneys' fees and costs. A copy of the Final Judgment is attached hereto as Exhibit "G".

21. Cincinnati issued commercial general liability policy of insurance to Bluewater and in effect from November 1, 2005 to January 28, 2008, under policy number CAP 453 00 63 (the "Policy"). A copy of the Policy is attached hereto as Exhibit "H".

## Count I
## Action For Declaratory Relief Against Cincinnati

22. Armour realleges paragraphs 1 through 21.

23. Given the entry of Final Judgement against Bluewater and in favor of Armour in the Underlying Action, the parties are in doubt as to their rights, duties and obligations owed pursuant to the subject Policy and its applicability to the claims/losses as to the Residence referenced above, and thus, Armour is in need of a judicial declaration regarding the same.

24. More specifically, Armour asserts that Cincinnati has the duty to defend Bluewater in the Underlying Action because the Underlying Action Complaints alleged facts which:

   a. create the potential for property damage to have occurred within the policy period of the Policy;

   b. fairly and potentially bring any or all of the claims asserted against Bluewater within coverage under the Policy; and/or

---

[1] On June 15, 2017, Armour filed its Notice of Appeal, and the parties are on appeal before the Second District Court of Appeal under case number 2D17-2569. Initial briefs are due or about November 21, 2017.

   c. do not fall solely and/or entirely within any exclusion in the Policy.

 25. Armour asserts that Cincinnati has the duty to indemnify because coverage is available under the Policy as the damages in question (and for which there is a Final Judgment in Armour's favor):

   a. Constitute an 'occurrence' under the subject Policy;

   b. Fall within the completed operations hazard period;

   c. Constitute 'property damage' meaning physical injury to tangible property;

   d. Constitute resulting 'property damage', which in whole or in part, were the result Bluewater's work; and/or

   e. 'property damage' occurred during completed operations.

 26. Upon information and belief, Bluewater tendered all of the relevant claims to Cincinnati, who have denied or rejected some or all of the claims being covered under the applicable Policy through the issuance of a reservation of rights correspondence to Bluewater.

 27. Armour has complied with all conditions precedent to the filing of this lawsuit, but notwithstanding the same, to the extent that there has been some failure to comply with the conditions precedent, the failure of Armour to comply with said conditions neither prejudiced nor represented a material breach of the subject Policy. Alternatively, Cincinnati is estopped from asserting any defenses relating to conditions precedent.

 28. Given that Armour has obtained Final Judgment against Bluewater, Armour is an omnibus insured. *See State Farm Fire & Cas. Co. v. Kambara*, 667 So. 2d 831, 834 (Fla. 4th DCA 1996); *Resmondo v. New Hampshire Ins. Co.*, 2013 WL 6894857, at *2

(M.D. Fla. Dec. 31, 2013); *Century Sur. Co. v. Korkoske*, 2014 WL 8844500, at *2 (M.D. Fla. July 14, 2014).

    29.    Armour has retained the undersigned and is obligated to pay them a reasonable fee for their services, and as an omnibus insured, Armour claims his attorneys' fees and legal assistant fees pursuant to Fla. Stat. §627.428, and §57.104, and costs pursuant to Fla. Stat. §57.041.

**WHEREFORE**, Counterclaim Plaintiff, James A. Armour, as trustee of The Bay Shore Road Trust U/A/D October 1, 2008, respectfully requests that this Honorable Court declare the rights of the parties as follows:

    a.    That this Court has jurisdiction over the subject matter;

    b.    That this Court has jurisdiction over the parties in this matter;

    c.    That the Policy was in full force and effect at all relevant times;

    d.    That Cincinnati owes a duty to defend Bluewater;

    e.    That Cincinnati owes a duty to indemnify Bluewater, and thus owes Amour the amount of the Final Judgment entered against Bluewater;

    f.    That Cincinnati owes prejudgment interest and post judgment interest on the Final Judgment;

    g.    That Armour is an omnibus insured pursuant to Fla. Stat. § 627.428, is entitled to his attorneys' fees and legal assistant fees pursuant to Fla. Stat. § 627.428, and § 57.104, and costs pursuant to Fla. Stat. § 57.041, resulting from prosecuting this action for declaratory relief and should be taxed against Cincinnati;

    h.    That this Court retains jurisdiction to grant any and all supplemental relief; and/or

    i.    Grant Armour all other relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiff, James A. Armour, as trustee of The Bay Shore Road Trust U/A/D October 1, 2008, hereby demands a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this October 25, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties who have appeared, as listed on the Service List below.

**CHEFFY PASSIDOMO, P.A.**
4100 W. Kennedy Blvd., Suite 335
Tampa, FL 33609
Telephone: (813) 225-2684

*/s/ Debbie Sines Crockett*
**Debbie Sines Crockett**
Florida Bar No.: 33706
dscrockett@napleslaw.com
aclarke@napleslaw.com

## SERVICE LIST

| Counsel for The Cincinnati Ins. Co. | Counsel for Bluewater |
|---|---|
| Laura dePaz Cabrera, Esq.<br>David A. Glenny, Esq.<br>Bice Cole Law Firm, PL<br>PO Box 1860<br>Alachua, FL 32616<br>Telephone: (386) 462-9919<br>Fax: (386) 418-8288<br>glenny@bicecolelaw.com<br>cabrera@bicecolelaw.com<br>highley@bicecolelaw.com | NO ENTRY OF APPEARANCE YET |

CC: via email to Co-Counsel for Plaintiffs: Edmond E. Koester, Esq. ekoester@cyklawfirm.com, mcaswell@cyklawfirm.com, dparliament@cyklawfirm.com